UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PRINTICE FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:13-CV-673 JD |
| | ) |
| OFFICER S. FEWELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Printice Franklin, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Franklin claims that he was denied adequate medical care at Miami Correctional Facility ("MCF"). Specifically, he alleges that on or about June 23, 2011, he began experiencing significant pain in his stomach. He took some over the counter medicine, thinking it would pass, but it did not, and instead the pain increased significantly over the next couple days. He describes it as "being stabbed with a knife in the stomach." On June 27, 2011, he pushed his call button, and told Correctional Officer D. Betzner that he needed medical assistance. After some discussion Officer

Betzner allowed Franklin to go to the medical unit, where he waited for over an hour and a half to see medical staff. Eventually Nurse L. Sutton gave him some pain pills and a pass to see the doctor at 3:00 p.m. that day. She then sent him back to his cell.

At 2:50 p.m. Franklin pushed his call button and spoke with Correctional Officer S. Fewell, telling him he had a pass to see the doctor. Officer Fewell told him he would have to check on it, but did not get back to him. At 3:00 p.m. the cell doors opened for count time, and Franklin went out and spoke with Officer Betzner. He showed him the pass, and the officer told him to "go on over" to the medical unit. However, Officer Fewell intercepted him along the way and told him that he would have to wait until count time was over. He told him to go back to his cell. After count time, he was released to go to the medical unit. However, when he arrived he was told by Correctional Officer D. Mygrant that he was too late and could not see the doctor. Franklin told him that the other officer would not let him leave, and that he needed to see the doctor immediately. Officer Mygrant told him he could not see the doctor and would have to come back the next day. Franklin told him he was in extreme pain, but Officer Mygrant told him he would have to wait and to go back to his cell. Franklin could see the doctor walking down the hall to leave for the day during this conversation.

Franklin went back to his cell, still in extreme pain, and around 7:30 p.m. his cell mate told the correctional officer on duty that Franklin needed emergency medical treatment. He was then escorted to the medical unit, where a nurse determined that he had a fever of 103 degrees. After speaking with Franklin about his symptoms, the nurse called for an ambulance, and he was taken to an outside hospital for treatment. While there, it was determined that his appendix was infected,

and he underwent emergency surgery to remove his appendix and part of his intestine and bowel. Based on these events, he is suing Officers Fewell, Betzner, and Mygrant, as well as Nurse Sutton.

Under the Eighth Amendment, inmates are also entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Franklin alleges that he was suffering from a serious illness and was in extreme pain, but yet Nurse Sutton delayed in having him evaluated by a doctor, and instead sent him back to his cell. As a result, his condition worsened significantly and ultimately required emergency surgery.

3

Giving him the inferences to which he is entitled at this stage, he has stated a plausible deliberate indifference claim against Nurse Sutton.

The other defendants are non-medical staff, and ordinarily they might be entitled to defer to the judgment of medical staff regarding Franklin's care. *See Hayes v. Snyder*, 546 F.3d 516, 526 (7th Cir. 2008). Here, however, Franklin alleges that Officers Mygrant and Fewell actually *prevented* him from obtaining the medical care that he needed, despite his repeated protests that he was in extreme pain. He has stated enough to proceed past the pleading stage against these two officers. *See id.* at 527 (non-medical prison officials can be chargeable with deliberate indifference when they have a reason to believe or actual knowledge that the prisoner is not receiving adequate medical treatment); *Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

As to Officer Betzner, the allegations against him do not state a plausible claim of deliberate indifference. Franklin alleges that the officer sent him to the medical unit when he initially complained about his stomach pains. When Franklin returned to his cell after seeing the nurse, there is no indication Officer Betzner had contact with him or was otherwise aware that he was still in pain. His next contact with Officer Betzner was at 3:00 p.m., when he showed the officer his pass to see the doctor, and Officer Betzner approved him to go to the medical unit. Although the other officers prevented Franklin from seeing the doctor, there is nothing to suggest Officer Betzner played a role in these events or otherwise turned a blind eye to Franklin's medical needs. Accordingly, Officer Betzner will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer S. Fewell, Officer D. Mygrant, and Nurse L. Sutton in their individual capacities for monetary damages for failing to provide him adequate medical care;

(2) DISMISSES Officer D. Betzner;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DIRECTS the United States Marshals Service to effect service of process on Officer S. Fewell, Officer D. Mygrant, and Nurse L. Sutton; and

(5) ORDERS that Officer S. Fewell, Officer D. Mygrant, and Nurse L. Sutton respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 12, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court