UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PRINTICE FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:13-CV-673 JD |
| | ) | |
| OFFICER S. FEWELL, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

On March 19, 2015, United States Magistrate Judge Christopher A. Nuechterlein issued a

report and recommendation in which he recommended that the claims against Officers Fewell

and Mygrant be dismissed without prejudice for failure to exhaust administrative remedies

pursuant to 42 U.S.C. § 1997e(a). (DE 82.)  Plaintiff Printice Franklin, a *pro se* prisoner, and

Defendant Nurse L. Sutton, by counsel, each filed timely objections to the report and

recommendation. (DE 83, 84.)

In this case, Franklin alleges that Officers Fewell and Mygrant (collectively "the

Officers"), along with Nurse L. Sutton, denied him adequate medical care at Miami Correctional

Facility ("Miami"). (DE 11.)  As a preliminary matter, the defense of failure to exhaust

administrative remedies was raised.  To resolve this issue, on March 10, 2015, the assigned

magistrate judge conducted an evidentiary hearing pursuant to a referral made by this court. (DE

37, 62.)  The sole question to be answered was whether Franklin filed a formal grievance with

the prison's executive assistant on August 2, 2011.  (DE 62.) The witnesses and evidence

presented at the hearing were fully set forth by the magistrate judge and will be recounted here

only where necessary to the court's analysis. Based on the testimony and evidence presented, the magistrate judge found that Franklin did not properly exhaust his administrative remedies before filing suit. (DE 82.)

In determining that Franklin did not file a formal grievance on August 2, 2011, the magistrate judge credited the testimony of Clair Barnes Beaver ("Barnes"), former litigation supervisor at Miami, and April Valdez ("Valdez"), former prison disciplinary board employee at Miami, over that of Franklin in significant part. Both Barnes and Valdez testified that Miami had locked prison mailboxes where inmates could submit grievance forms. They both testified that tight collection and processing procedures are followed to ensure that all grievance forms submitted in the locked mailboxes are addressed. To their knowledge, no grievance form submitted through the locked mailboxes had ever been lost. Miami had no record, and Barnes and Valdez had no recollection, of Franklin submitting a grievance form on August 2, 2011. Regardless, Franklin testified that he did submit a grievance form in the locked mailbox on August 2, 2011.

The magistrate judge concluded that Franklin was not a credible witness based on his demeanor, inconsistencies in his testimony, the fact that his testimony conflicted with that of Barnes and Valdez, and the fact that if Franklin would have placed a formal grievance in one of the locked mailboxes, it would have more than likely been properly handled and resulted in some record being generated at Miami.

The court's review of the contested portions of the magistrate judge's report and recommendation is *de novo.* 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate

judge with instructions." Fed. R. Civ. P. 72(b)(3). The court is not required to hold further

hearings to review the magistrate judge's findings simply because witness credibility is at issue.

*See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980).

I.      Printice Franklin's Objections to the Report and Recommendation.

Franklin raises the following three objections to the report and recommendation: (1)

"Plaintiff has evidence that was deemed as irrelevant at the *Pavey* hearing that will show there is

discrepancies with their procedures at Miami Correctional Facility;" (2) "Plaintiff objects to the

report that he made conflicting accounts in this case;" and (3) "Plaintiff objects to the report that

he was fully capable of filing a formal grievance on July 3, 2011."  (DE 84.) The third objection

is irrelevant as it was neither a finding in the report and recommendation nor an issue to be

decided in this case. (DE 62.)  Clearly, the report and recommendation focuses on whether

Franklin filed a formal grievance on August 2, 2011, a date by which even Franklin agrees he

was capable of submitting a grievance. The court will address Franklin's remaining two

objections.

Franklin's first objection is that he had evidence deemed inadmissible at the *Pavey*

hearing, which would have shown that "there were discrepancies with their procedures at Miami

Correctional Facility."  It is unclear what evidence Franklin is referring to or what procedures at

Miami he is attacking.  At the hearing, it was established that Miami had a procedure to collect

inmate grievance forms from locked mailboxes and that by following those procedures, no

grievance had been lost. The court assumes these are the procedures Franklin is attempting to

attack here.

After reviewing the unofficial transcript of the March 10, 2015, hearing, it is apparent

that defense counsel objected to two items Franklin attempted to admit into evidence: (1) a handwritten letter by offender Cleverly Lockhart regarding his own experiences and troubles obtaining grievance forms and responses to grievances; and, (2) Franklin's journal entries. The magistrate judge was initially unwilling to admit either into evidence but, in an abundance of caution, the magistrate judge reserved his ruling and permitted Franklin the right to seek their admission later in the hearing. See *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975) (often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting issues in a specific context). Moreover, the magistrate judge informed Franklin that he could use the journal entries to refresh his recollection at any point during the hearing, if needed. Franklin never again sought to admit either of those pieces of evidence. As such, it cannot fairly be said that either the letter or journal entries were deemed "inadmissible."

Nevertheless, the admission of Lockhart's letter and Franklin's journal entries would not have cast any doubt on grievance collection procedures at Miami. The journal entries were merely notes Franklin created regarding his daily experiences at Miami. Inmate Lockhart's letter centered around his own attempt to grieve an issue in 2013, but was told that the issue was not grievable. (DE 79 at 4,5.) Neither piece of evidence would have called into question Miami's practices regarding picking up and sorting grievances from the locked mailboxes.

Moreover, the court does not find anything suspect about Miami's procedures. Even if the procedures were not perfect - as few things are - the evidence showed that Miami used great care in collecting and processing grievance forms from the locked mailboxes. As such, the magistrate judge did not err in finding that if Franklin would have placed a formal grievance in a

locked mailbox, it would have more than likely been properly handled and resulted in some record being generated at Miami. The lack of any record of Franklin filing a grievance on August 2, 2011, certainly does weigh against his claim of filing one.

Franklin's second objection centers around the magistrate judge's finding that he made conflicting accounts in this case. One of the reasons the magistrate judge diminished Franklin's credibility was because Franklin gave differing accounts as to when he was physically and mentally able to file a grievance. Franklin does not dispute that his in court testimony conflicted with his prior out of court statements regarding when he was able to file a grievance. However, Franklin points out that he was confused when he testified at the hearing, and was under the influence of Vicodin while he made prior statements in the infirmary.

Even if the court accepted that some of the conflicting testimony was due to Franklin's prior use of medication, the magistrate judge cited other reasons for his credibility finding. First, Franklin's testimony that he submitted a grievance on August 2, 2011, conflicted with Barnes' and Valdez's testimony that they never received one. The magistrate judge found Barnes and Valdez to be credible, which this court finds to be supported by the record. In addition, the magistrate judge correctly determined that the absence of any record of an August 2, 2011, grievance being filed at Miami weighed against crediting Franklin's testimony that he filed one. Thus, even if Franklin could explain away why he provided conflicting testimony, there were still other reasons that the magistrate appropriately relied on to discredit his story. Lastly, the magistrate concluded that Franklin's demeanor on the stand further led him to discredit Franklin's testimony. (DE 82 at 5.) Notably, the magistrate judge's assessment of Franklin's demeanor is entitled to special deference. *See Anderson v. City of Bessemer City*, N.C., 470 U.S.

564, 575 (1985) (only the judge who observed the witness "can be aware of the variations of demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."). Franklin does not present any specific reason why the magistrate judge's credibility determination based on his demeanor should be overturned, nor can this court discern any basis to do so on the record.

In short, while it may be possible that Franklin submitted a formal grievance on August 2, 2011, based on the evidence in the record, it is not probable that he did so. Because Franklin's testimony that he submitted a formal grievance on August 2, 2011, was improbable, the magistrate judge did not err in rejecting it.

II.     Nurse Sutton's Objection to the Report and Recommendation.

Nurse Sutton objects to the Report & Recommendation only because she argues the affirmative defense of exhaustion should apply to her as well. (DE 83.) Upon review of the record, it was not clear that Nurse Sutton's counsel was asserting exhaustion as an affirmative defense before the magistrate judge. Nurse Sutton's counsel did not specifically plead exhaustion as an affirmative defense. Instead, she merely incorporated the Officers' affirmative defense of exhaustion as her own. (DE 16 at 2). She did not file a motion for summary judgment based on exhaustion. Rather, she filed a motion to join the Officers' motion for summary judgment. And, counsel mistakenly filed that motion as a notice, so it was never ruled on. (DE 28.) Any confusion on this was matter was likely exacerbated by counsel's limited involvement leading up to the *Pavey* hearing. (DE 67.)

What is clear is that the magistrate judge was not properly alerted to the fact that Nurse Sutton wanted to pursue exhaustion as an affirmative defense. The magistrate judge

appropriately relied on counsel's acts and omissions in not including Nurse Sutton in the dismissal. Therefore, her objection will be overruled.

Nevertheless, in ruling on the motion for summary judgment, the undersigned did include Nurse Sutton as a defendant seeking to assert exhaustion as an affirmative defense. (DE 34.) There, it was undisputed that Nurse Sutton's claim for exhaustion was identical to the Officers' claim. (*Id.*) And even if Nurse Sutton did not appropriately join the summary judgment motion, the exhaustion issue seemingly applies equally to her. Therefore, the court puts Franklin on notice that it will consider whether to grant summary judgment to Nurse Sutton on the same basis as Officers Mygrant and Fewell because "where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition". See *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006), as amended on denial of reh'g (May 25, 2006) (brackets, quotation marks and citation omitted). The court will give Franklin an opportunity to show cause why summary judgment should not be granted on his claim against Nurse Sutton, in light of the fact that summary judgment has been granted to Officers Mygrant and Fewell.

III.    Conclusion

The evidence before this court demonstrates that Franklin did not place a formal grievance in the prison mailbox on August 2, 2011. Defendants Fewell and Mygrant have established that there were administrative remedies available to Franklin which he never pursued.        For these reasons, the court:

(1) **OVERRULES** the plaintiff's objections (DE 84);

(2) **OVERRULES** Nurse L. Sutton's objections (DE 83);

(3) **ADOPTS** the report and recommendation of the magistrate judge;

(4) **DISMISSES** Officers Mygrant and Fewell from this case **WITHOUT PREJUDICE**

for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and

(5) **GRANTS** Franklin up to and including July 31, 2015, to show cause why summary

judgment should not be granted on his claim against Nurse Sutton for failure to exhaust

administrative remedies pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: July 1, 2015

                      <u>/s/ JON E. DEGUILIO</u>
                      Judge
                      United States District Court